**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LESTER L. WASHINGTON,

      Plaintiff-Appellant,

v.

COLORADO STATE UNIVERSITY, Ft.
Collins; COLORADO STATE
UNIVERSITY BOARD OF
GOVERNORS, (CSUFC BOG), of the
Colorado State University System,
(CSUS) as the Governing Body of
Colorado State University System, and
Colorado State University, Ft. Collins
(CSUFC), is sued in its official capacity;
Dr. LARRY PENLEY, in his official and
individual capacity; Dr. ANTHONY
FRANK, CSUFC Assistant President and
now President, in his official and
individual capacity; DANA HIATT,
Director of the CSUFC DOEO, in her
official and individual capacity;
ROSELYN CUTLER, Chief Investigator
of the CSUFC DOEO, in her official and
individual capacity; HUMAN
RESOURCES DEPARTMENT, (HRS) of
CSUFC, in its official capacities; CAROL
SHIREY, Director of the CSUFC-HRS, in
her official and individual capacity;
MINDY NICHOLS, Employee of CSUFC
Admissions Office and HRS, Director of
CSUFC Counseling and Visitor Services,
in her official and individual capacity; Dr.
BLANCHE HUGHES, CSUFC VP of
Student Affairs and Higher Education

No. 11-1166
(D.C. No. 10-cv-01889-LTB)
(D. Colo.)

(VP), in her official capacity for intra racial and job discrimination, and her individual capacity; Dr. JENNIFER MOLOCK, CSUFC DIrector of Black Student Services (BSS), in her official capacity, now Black and African American Cultural Center (BAACC), and her individual capacity; SARA MIKIKO KUMASAKA, Director of APASS, in her official and individual capacity; JAMES T. DOLAK, CSUFC Director of HDFS, in his official and individual capacity; KAREN L. BRIGHAM, CSU HDFS Supervisor (for directing and forcing Sharon Ball, Brittney Sly, Samantha Beeal, and Lexie VanBuskirk, CSUFC to commit their violations as her subordinates), in her official and individual capacity; GLEN WELLS, CSUFC HDFS Administrator, in his official and individual capacity; JAMES LYALL, Director of the CAHS Academic Computing Center/Department, in his official and individual capacity; Dr. APRIL C. MASON, CSUFC Dean of the College of Applied Human Science, in her official capacity (forcing Baca and Lehman to act in retaliation), and her individual capacity; Dr. JEAN LEHMANN, Interim Director of the CSUFC School of Education (SOE), in her official capacity; CSUFC GRADUATE SCHOOL REGISTRARS OFFICE, in its official capacity; CINDY BEFUS, CSUFC Graduate School Administrator and Registrar, in her official and individual capacity; VICKI DIEHL, CSUFC HDFS Secretary, in her official and individual capacity; CSUFC SCHOOL OF EDUCATION, in its official capacity; Dr. LINDA KUK,

2

Professor in the CSUFC SOE, in her official and individual capacity; Dr. CRAIG CHESSON, Director of the CSUFC Conflict Resolution Office (CRO), in his official and individual capacity; AMY PARSONS, CSUFC Attorney, in her official and individual capacity; JOSHUA B. ZUGISH, CSUFC Attorney and Legal Counsel, in his official and individual capacity, Defendant-Appellee.

---

## ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

---

Plaintiff-Appellant Lester Washington, proceeding pro se, filed this action against twenty-six defendants who all have various connections to Colorado State University. The district court dismissed Washington's complaint without prejudice for failing to comply with Federal Rule of Civil Procedure 8(a), and Washington timely appealed. Because the district court dismissed Washington's complaint without prejudice, we lack jurisdiction and, thus, we DISMISS this appeal.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## DISCUSSION

We have an independent duty to examine our own jurisdiction. <u>Thomas v. Metro. Life Ins. Co.</u>, 631 F.3d 1153, 1158 (10th Cir. 2011). Thus, we must first decide whether the district court's dismissal of Washington's complaint without prejudice is a final order under 28 U.S.C. § 1291 because if it is not, then we lack jurisdiction to consider this appeal.

The courts of appeals are granted jurisdiction by statute over "appeals from . . . final decisions of the district courts of the United States." 28 U.S.C. § 1291. A dismissal without prejudice is usually not a final decision. <u>Facteau v. Sullivan</u>, 843 F.2d 1318, 1319 (10th Cir.1988). Though where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable. <u>Id.</u> "The critical determination [as to whether an order is final] is whether plaintiff has been effectively excluded from federal court under the present circumstances." <u>Id.</u> at 1319. In this circuit, we have generally distinguished between dismissal of a complaint and dismissal of an action: "A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final." <u>Mobley v. McCormick</u>, 40 F.3d 337, 339 (10th Cir. 1994) (internal citations omitted). "Despite our use of this complaint/action terminology, we have long recognized that the requirement of finality imposed by section 1291 is to be given a practical rather than a technical

4

construction." Moya v. Schollenbarger, 465 F.3d 444, 449 (10th Cir. 2006) (internal quotation marks omitted). "In evaluating finality, therefore, we look to the substance and objective intent of the district court's order, not just its terminology." Id.

In this case the district court dismissed Washington's complaint using the following language: "[T]he complaint (Doc. #3), the amended complaint (Doc. #18), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." (Aplt. App., vol. II at 354.) While the district court spoke of both dismissing the complaint and the action, the fact that the district court's order is based on Federal Rule of Civil Procedure 8 convinces us that the intent was simply to dismiss the complaint to allow Washington an opportunity to save his suit by refiling a complaint based on the same claims stated with greater particularity. Thus, we conclude that the district court's order dismissing Washington's complaint without prejudice is not a final, appealable judgment, and we dismiss this appeal.

## CONCLUSION

For the foregoing reasons, we DISMISS this appeal and DENY Washington's motion to proceed in forma pauperis.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

5